UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MERLO,

    Petitioner,

v.

                                      Civil Action No. 4:13-cv-11770

PAUL KLEE,                          HON. TERRENCE G. BERG

    Respondent.
_____/

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. 5)**

This habeas matter is before the Court upon Michigan prisoner Richard Merlo's ("Petitioner") motion asking the Court to appoint counsel for him (Dkt. 5). Petitioner is incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility in Adrian, Michigan, where he is serving thirty-one to fifty years for three counts of second-degree murder. He filed his habeas petition on April 19, 2013, alleging that his convictions and sentences are unconstitutional (Dkt. 1). In particular, Petitioner claims that: (1) the trial court erred by not holding an evidentiary hearing on his motion to withdraw his guilty plea; (2) he was ineffectively assisted by counsel, as trial counsel allegedly failed to investigate an insanity defense; (3) the trial court erred by not conducting a competency hearing prior to Petitioner's guilty plea; and (4) appellate counsel was ineffective by not challenging the trial court's failure to conduct a competency hearing. The pending motion was filed on May 22, 2013. Petitioner requests the appointment of counsel in this action because he is indigent, has limited knowledge of the law, and the issues in his case are complex. *Id*. For the

reasons stated, the Court denies the motion without prejudice.

In civil cases, there exists no constitutional right to the appointment of counsel, and the Court has broad discretion in determining whether counsel should be appointed. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (the appointment of counsel in a civil case is a matter within the discretion of the court and neither a privilege nor a right) (citation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Respondent has not yet filed an answer or the Rule 5 materials in this case; both due to be filed on October 28, 2013 (Dkt. 3). Thus, at this time, the Court determines that the interests of justice do not require the appointment of counsel for Petitioner. However, if following a review of the pleadings the Court determines that the appointment of counsel is necessary, then it will do so. Petitioner need not file any additional motions with respect to this issue.

SO ORDERED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on June 7, 2013, using the CM/ECF system, and a copy was mailed to Petitioner.

s/A. Chubb<br>
Case Manager