UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD MERLO,

                        Petitioner,

                                                Case No. 13-11770

        v.

                                                HON. TERRENCE G. BERG
PAUL KLEE,                                      HON. MICHAEL J. HLUCHANIUK

                        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL OF THE HABEAS PETITION (Dkt. 8),
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Richard Merlo, *pro se*, has petitioned the Court under 28 U.S.C. §
2254 for a writ of habeas corpus.  The matter is now before the Court on
Respondent Paul Klee's motion for summary judgment and dismissal of the habeas
petition.  Petitioner is attempting to challenge his 2008 convictions for second-
degree murder and felony firearm on grounds that the trial court erroneously
denied his motion to withdraw his guilty plea without scheduling an evidentiary
hearing, that his trial and appellate attorneys were ineffective, and that the trial
court failed to conduct a competency hearing to determine whether he was
competent to plead guilty.  Respondent Paul Klee, however, maintains that the
habeas petition is barred by the one-year statute of limitations.

As stated further below, the Court agrees that the petition is time-barred.

Therefore, Respondent's motion (Dkt. 8) is **GRANTED** and the habeas petition (Dkt. 1) is **DISMISSED**.

## I.  BACKGROUND

Petitioner was charged in Wayne County, Michigan with three counts of first-degree murder, four counts of assault with intent to commit murder, and one count of felony firearm.  The charges arose from allegations that, on August 13, 2007, Petitioner fired a rifle at an occupied house on Woodmere Street in Detroit.  Three occupants of the house died from the gunshots and four other people were assaulted.

On April 23, 2008, Petitioner pleaded guilty in Wayne County Circuit Court to three counts of second-degree murder, Mich. Comp. Laws § 750.317, and one count of felony firearm, Mich. Comp. Laws § 750.227b.  In return, the prosecutor dismissed the counts charging Petitioner with first-degree murder and assault with intent to commit murder.  The parties also agreed that Petitioner's sentence would be two years in prison for the felony firearm conviction, followed by three concurrent terms of thirty-one to fifty years for the murder convictions.

On May 29, 2008, the trial court sentenced Petitioner pursuant to the plea and sentence agreement.  Petitioner subsequently moved to withdraw his guilty plea on the grounds that it was involuntary and he was deprived of effective assistance of counsel.  The trial court was unpersuaded and denied the motion.

Petitioner then applied for leave to appeal in the Michigan Court of Appeals. He claimed that the trial court committed reversible error by denying his motion to withdraw his guilty plea without scheduling an evidentiary hearing on the voluntariness of his plea and his attorney's performance. The Michigan Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented." *People v. Merlo*, Mich. Ct. App. No. 290099 (Mich. Ct. App. Mar. 18, 2009). Petitioner raised the same claim in the Michigan Supreme Court, which denied leave to appeal on September 11, 2009, because it was not persuaded to review the issue. *See People v. Merlo*, 771 N.W.2d 735 (Mich. 2009) (table).

On December 3, 2010, Petitioner filed a motion for relief from judgment in the state trial court. He argued that: (1) his trial attorney deprived him of effective assistance by failing to investigate an insanity defense or request a competency hearing; (2) the trial court deprived him of due process by failing to conduct a competency hearing to determine whether he was competent to plead guilty; and (3) his appellate attorney deprived him of effective assistance by failing to raise his other claims on direct appeal. The trial court denied Petitioner's motion on January 13, 2012, after determining that Petitioner's claims were factually inaccurate, meritless, or waived and that Petitioner had failed to show good cause for failing to raise his claims on direct appeal and resulting prejudice.

Following the trial court's decision, Petitioner did not seek review from the Michigan Court of Appeals. Instead, he filed his habeas corpus petition in this

3

Court on April 11, 2013.[1]  His grounds for relief are:  (1) the trial court committed reversible error by denying his motion to withdraw the guilty plea without scheduling an evidentiary hearing on the voluntariness of his guilty plea and the ineffective assistance of trial counsel; (2) trial counsel deprived him of his constitutional right to effective assistance of counsel by failing to investigate an insanity defense and by failing to seek a competency hearing before encouraging him to plead guilty; (3) the trial court deprived him of his right to due process by failing to conduct a competency hearing to determine whether he was competent to plead guilty; and (4) appellate counsel was ineffective for failing to raise all his claims on direct appeal.  As noted above, Respondent now asserts, in a motion for summary judgment, that Petitioner's claims are untimely and thus barred from substantive review.  Petitioner had until December 12, 2013, to file a written response to Respondent's motion; however, no response has been filed.

## II.  ANALYSIS

### A.  AEDPA'S One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

---

[1] Although the Clerk of the Court received and filed the petition on April 19, 2013, Petitioner signed and dated the petition on April 11, 2013.  "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir.), *cert. denied*, 133 S. Ct. 141 (2012).  The petition is presumed to be handed to prison officials for filing with the Court on the date that the petitioner signed and dated the petition under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).  The Court therefore deems Petitioner's habeas petition to have been filed on April 11, 2013.

4

established a one-year period of limitation for state prisoners to file their federal

habeas corpus petitions. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011)

(citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four

specified dates:

> **(A)** the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
>
> **(B)** the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing by
> such State action;
>
> **(C)** the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled "during the pendency

of a 'properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim.' " *Wall v. Kholi*, 131 S. Ct. at 1283

(quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not arguing for relief on the basis of a new constitutional right

or on newly discovered facts, and he has not alleged that the State created an

impediment to filing a timely habeas petition. Consequently, in this case, the

period of limitations necessarily began to run when Petitioner's convictions "became

final by the conclusion of direct review or the expiration of the time for seeking such

5

review." 28 U.S.C. § 2244(d)(1)(A). For purposes of subsection 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). When an inmate like Petitioner chooses not to seek direct review in the Supreme Court, his conviction becomes final when the time for filing a certiorari petition expires. *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Here, Petitioner's convictions became final on December 10, 2009, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. *See* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). The one-year period of limitations began to run on the following day,[2] and it ran until December 3, 2010, when Petitioner filed his motion for relief from judgment. The filing of the motion tolled the limitations period under 28 U.S.C. § 2244(d)(2) until January 13, 2012, when the trial court denied Petitioner's motion. Although Petitioner had six months to appeal the trial court's denial of his motion for relief from judgment, Mich. Ct. R. 6.509(A), he did not appeal the decision. Consequently, the limitations period resumed running on January 14, 2012, the day after the trial

---

[2] *See Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002) (noting that "the day of the act, event, or default from which the designated period of time begins to run shall not be included") (quoting *Bronaugh v. Ohio*. 235 F.3d 280, 285 (6th Cir. 2000)).

6

court denied Petitioner's motion for relief from judgment. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (explaining that an application for State post-conviction or other collateral review . . . is "pending" under § 2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law") (citing *Carey v. Saffold*, 536 U.S. 214 (2002) (emphasis in original)). Petitioner filed his habeas corpus petition on April 11, 2013.

To summarize, the limitations period began running when Petitioner's convictions became final on December 10, 2009, and then continued running for nearly a year, until Petitioner filed his motion for relief from judgment on December 3, 2010. Only eight days remained in the one-year statute of limitations. The limitations period began to run again once the state trial court denied Petitioner's motion for relief from judgment on January 13, 2012, but it expired eight days later on January 21, 2012. Petitioner filed his habeas petition on April 11, 2013, long after the one-year statute of limitations period had ended.

Stated differently, the statute of limitations ran 357 days after Petitioner's conviction became final on December 10, 2009, and before he filed his motion for relief from judgment in the state trial court December 3, 2010. The limitations period was then tolled under § 2244(d)(2) through January 13, 2012, when the trial court denied his motion. The limitations period resumed running on January 14, 2012, and it expired eight days later on January 21, 2012. Petitioner signed and dated his habeas corpus petition on April 11, 2013, almost fifteen months after it

7

should have been filed.  Because the limitations period ran for more than one year, the habeas petition is untimely, absent an applicable exception to the limitations period.

## B.  Exceptions to AEDPA's Limitations Period

### 1.  Equitable Tolling

AEDPA's statutory limitations period is not a strict jurisdictional rule; rather, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, __, 130 S. Ct. 2549, 2560 (2010).  But the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied sub nom Hall v. Brunsman*, __ U. S. __, 133 S. Ct. 187 (2012).

Petitioner acknowledges that his habeas petition is untimely, but urges the Court to consider the merits of his claims on equitable grounds.  Petitioner blames his untimely filing on the fact that the prisoner who was helping him with his legal work transferred to a different prison and left him without legal assistance. Petitioner claims that, without any help, he was unaware of an amendment to Michigan Court Rule 6.509(A), which reduced the time for appealing the denial of a motion for relief from judgment from one year to six months.

8

Petitioner's ignorance of the law "is not sufficient to warrant equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 743 n. 7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Nor does his lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). As a result, Petitioner is not entitled to equitable tolling of the limitations period.

### 2. Actual Innocence

The Supreme Court recently held that actual innocence, if proved, may itself serve as a legal basis that would allow consideration of a habeas petitioner's constitutional claims despite the expiration of the statute of limitations. *See McQuiggin v. Perkins*, __ U.S. __, __, 133 S. Ct. 1924, 1928 (2013). However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner pleaded guilty and has made no showing of actual innocence. Therefore, this avenue of argument is unavailable, and AEDPA's limitations period applies. *McQuiggin*, 133 S. Ct. at 1933 ("AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made.").

Petitioner filed his habeas petition more than one year after his convictions became final, he is not entitled to either statutory or equitable tolling of the limitations, and he has not made a showing of actual innocence. Consequently, the

9

habeas petition is untimely and substantive review of the petition is barred by AEDPA's limitations period.

## III.  CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. at 484.  Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right.  Accordingly, Petitioner is denied a certificate of appealability.

10

The Court similarly denies Petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous.  *See Allen v. Stovall*, 156 F. Supp.2d 791, 798 (E.D. Mich. 2001).

## IV.  CONCLUSION

Based upon the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment and Dismissal of the Habeas Petition (Dkt. 8) is **GRANTED**, and the Petition for a Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** with prejudice.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

Dated:  April 3, 2014

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on April 3, 2014, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager
